### A. J. BALLARD, TRUSTEE, ET AL., *v.* M. GLEASON.

[Abstract Kentucky Law Reporter, Vol. 1—60.]

**Dedication of Highway.**

> If a street is laid off and lots sold bordering upon it the purchaser takes the lot with the right to the use of the street, and this will amount to a dedication of the street to the use of the public; but an alley, known as a blind alley, which does not run from street to street, but is a passageway only for the use of the property bordering upon it, and not for the use of the entire public, when laid out is not dedicated to the public, but may be closed by its owners at their pleasure; and such an alley may not be improved by the city, and the adjoining property assessed for such improvement.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 29, 1880.

OPINION BY JUDGE PRYOR:

After a careful examination of this record we have been unable to find any evidence of a dedication, by the original or present owners of the property taxed, of the improved alley to the city of Louisville. The fact that the boundary of each lot called for the alley is no evidence of a dedication; nor is the fact that the holding under Nicholas' claim to the alley sufficient to invest the public or the city with the right of way over the improvement. The alley is not a street, but must be regarded as a private passway held in common by the original owners or their vendees for the common use and convenience of the lots bounding upon it. The alley is what is termed a blind alley. It does not run from street to street, but is a passway recognized and established for the use of the property bordering upon and formerly owned by Nicholas and Thurston. If a street is laid off and lots are sold bordering upon it, the purchaser takes the lot with the right to the use of the street, and this location of the street with the sale of the lots bordering upon it is a ded-

ication of the street to the use of the public as well as to those whose lots border directly upon it.

There is no analogy between the opening of a recognized street in a city, and that of an alley that is merely intended to enable the own-ers of common property to pass to and from it. The alley was laid off by the commissioners, and at the instance, no doubt, of the own-ers for the use of the property divided, but not for the use of the entire public, not a dedication that would take from the owners the right to use it as they pleased, or even close it, if they deemed it nec-essary. Both the commissioner and the chancellor in the original division recognized the alley as the common property of those inter-ested in the partition, and therefore it is expressly stated that it is for the use of the property divided. It is public to that extent and no further. The original owners and their vendees with their lots bor-dering on this alley are alone interested in keeping it open, or in im-proving it. The city has no power over it, except such as is neces-sary for the exercise of its police regulation, and judgment is *reversed* with directions to dismiss the petition as against these ap-pellants.

*Barr, Goodloe & Humphrey, for appellants.*
*S. B. Richardson, for appellee.*